UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| | |
|---|---|
| ROBERT W. JOHNSON,<br><br>Plaintiff,<br><br>vs.<br><br>DONALD J. TRUMP; FACEBOOK; META; RUDY GIULIANI; JOHN EASTMAN; MARK MEADOWS; KENNETH CHESEBRO; JEFFREY CLARK; JENNA ELLIS; RAY SMITH, III; ROBERT CHEELEY; CATHLEEN LATHAM; SCOTT HALL; STEPHEN LEE; HARRISON FLOYD; TREVIAN KUTTI; SIDNEY POWELL; MISTY HAMPTON; MICHAEL ROMAN; DAVID SHAFER; SHAWN STILL; VLDIMIR PUTIN; TWITTER; META LLC,<br><br>Defendants. | 3:23-CV-03022-RAL<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND 1915 SCREENING FOR DISMISSAL |

Plaintiff Robert W. Johnson filed a pro se lawsuit. Doc. 1. Johnson moves for leave to proceed in forma pauperis. Doc. 2. This Court now screens Johnson's complaint under 28 U.S.C. § 1915(e)(2).

I. **Motion for Leave to Proceed In Forma Pauperis**

A federal court may authorize the commencement of any lawsuit without prepayment of fees when an applicant submits an affidavit stating he or she is unable to pay the costs of the lawsuit. 28 U.S.C. § 1915(a)(1). "[I]n forma pauperis status does not require a litigant to demonstrate absolute destitution." Lee v. McDonald's Corp., 231 F.3d 456, 459 (8th Cir. 2000). But in forma pauperis status is a privilege, not a right. Williams v. McKenzie, 834 F.2d 152, 154 (8th Cir. 1987). Determining whether an applicant is sufficiently impoverished to qualify to

proceed in forma pauperis under § 1915 is committed to the sound discretion of the district court. Cross v. Gen. Motors Corp., 721 F.2d 1152, 1157 (8th Cir. 1983). After review of Johnson's motion to proceed in forma pauperis, the Court finds that he has insufficient funds to pay the filing fee. Thus, Johnson's motion for leave to proceed in forma pauperis, Doc. 2, is granted.

## II.   1915 Screening

A court when screening under § 1915 must assume as true all facts well pleaded in the complaint. Estate of Rosenberg v. Crandell, 56 F.3d 35, 36 (8th Cir. 1995). Pro se and civil rights complaints must be liberally construed. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted); Bediako v. Stein Mart, Inc., 354 F.3d 835, 839 (8th Cir. 2004) (citation omitted). Even with this construction, "a *pro se* complaint must contain specific facts supporting its conclusions." Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) (citation omitted); see also Ellis v. City of Minneapolis, 518 F. App'x 502, 504 (8th Cir. 2013) (per curiam) (citation omitted). Civil rights complaints cannot be merely conclusory. Davis v. Hall, 992 F.2d 151, 152 (8th Cir. 1993) (per curiam) (citation omitted); Parker v. Porter, 221 F. App'x 481, 482 (8th Cir. 2007) (per curiam) (citations omitted).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citation omitted). If a complaint does not contain these bare essentials, dismissal is appropriate. See Beavers v. Lockhart, 755 F.2d 657, 663–64 (8th Cir. 1985). Twombly requires that a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true[.]" 550 U.S. at 555 (internal citation omitted); see also Abdullah v. Minnesota, 261 F. App'x 926, 927 (8th Cir. 2008) (per curiam) (noting that a complaint "must

contain either direct or inferential allegations respecting all material elements necessary to sustain recovery under some viable legal theory" (citing Twombly, 550 U.S. at 553–63)). Further, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and that a recovery is very remote and unlikely." Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (internal quotation omitted) (quoting Twombly, 550 U.S. at 556).

When a district court determines a plaintiff is financially eligible to proceed in forma pauperis under 28 U.S.C. § 1915(a), the court must then determine whether the complaint should be dismissed under 28 U.S.C. § 1915(e)(2)(B). Martin-Trigona v. Stewart, 691 F.2d 856, 857 (8th Cir. 1982); see also Key v. Does, 217 F. Supp. 3d 1006, 1007 (E.D. Ark. 2016). The court must dismiss claims if they "(i) [are] frivolous or malicious; (ii) fail[ ] to state a claim on which relief may be granted; or (iii) seek[ ] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Johnson's pro se lawsuit cannot survive screening under 28 U.S.C. § 1915 because it fails to state a claim upon which relief could be granted. Even liberally construed, Johnson's complaint fails to "contain specific facts supporting its conclusion." Allen v. Purkett, 5 F.3d 1151, 1153 (8th Cir. 1993) (quoting Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985)). Although some of the individuals whom Johnson sues are under criminal indictment, Johnson's claims are hard to understand and do not make clear why he has a civil cause of action against these individuals and companies, so the claims are subject to dismissal on screening. Denton v. Hernandez, 504 U.S. 25, 32 (1992). Johnson alleges that "[a]ll defendants committed identity theft, fraud, U.S. Constitutional Violations, RICO Acts and Due Process violations against Robert W. Johnson." Docket 1 at 3. But Johnson in his complaint provides no explanation of how any of the defendants

did so, and of course claims in the nature of fraud must be alleged with particularity. Fed.R.Civ.P. 9(b). Johnson wants "$100,000,000.00 for punitive damages; 100% ownership of Defendants Assets & Liquidations; All other Reliefs [sic] Just & Proper." Id. Johnson provides no explanation of how these alleged violations occurred or how any of the named Defendants committed the alleged violations. See id. Thus, the Court dismisses Johnson's lawsuit for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii).

Accordingly, it is

ORDERED that Johnson's motion for leave to proceed in forma pauperis, Doc. 2, is granted. It is further

ORDERED that Johnson's complaint, Doc. 1, is dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii). It is further

ORDERED that Johnson's second motion for leave to proceed in forma pauperis, Doc. 5, is denied as moot. It is finally

ORDERED that Johnson's motion to appoint counsel, Doc. 6, is denied as moot.

DATED October 20, 2023.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE